IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr364

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MARTINEZ BLACK | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the defendant's motion to require election of counts. (Doc. No. 12).  Although the motion was filed on November 1, 2006, and the trial is set for December 11, 2006, the government has never responded.

The indictment charges the defendant with possessing a Sig Sauer .40 caliber pistol on four separate dates in 2004 after being convicted of a felony, in violation of 18 U.S.C. § 922(g). (Doc. No. 1).  The defendant relies, in part, on United States v. Jones, 533 F.2d 1387 (6th Cir. 1976), for his argument that because such possession is a continuing offense, the government must elect a single count of the indictment on which to proceed at trial. (Doc. No. 12: Motion at 3).  That case, however, did not involve the pretrial election of multiplicious counts, but rather post-trial sentences on multiple convictions for the single continuing offense of firearm possession. Id. at 1389-1390.  In fact, not one of the cases cited by the defendant stands for the proposition that the government is required, prior to trial, to elect one among several multiplicious § 922(g) counts.

To the contrary, in one case cited by the defendant, the Fourth Circuit indicated in a footnote that the law is against the defendant's position. United States v. Dunford, 148 F.3d 385, 390 n.1 (citing United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997).  The Johnson

decision affirmed a district court's refusal to require the government to elect between multiplicious § 922(g) counts prior to trial. 130 F.3d at 1426. The court recognized that the defendant could have been acquitted of one of the counts, and that there was little risk of prejudice to the defendant from submitting multiple counts to the jury. Id. The Tenth Circuit cited with approval the Sixth Circuit's decision in United States v. Throneburg, 921 F.2d 654 (6th Cir. 1990), as did the Fourth Circuit in Dunford, 148 F.3d at 390. In Throneburg, the court held that the Supreme Court's decision in Ball v. United States, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985), "was ample authority for the district court to defer to the government's discretion to conduct the prosecution in this case upon multiplicious [§ 922(g)] counts, recognizing that the court could merge the convictions after the jury verdicts are recorded." 921 F.2d at 657.

Here, the defendant has not alleged any prejudice that would result from the jury's consideration of all four counts of the indictment. The dates of the alleged possession all occurred within a three-month period in 2004. (Doc. No. 1). Even if the Court were to force the government to elect among the counts, evidence relating to possessing the same gun on the other dates would likely be admissible under Fed. R. Evid. 404(b) to show intent or absence of mistake. If the defendant is convicted of multiple counts, he can be protected against multiple punishments by vacating those convictions.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: December 8, 2006

Robert J. Conrad, Jr.
Chief United States District Judge