UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv121
(3:06cr364)

| | |
|---|---|
| MARTINEZ ORLANDIS BLACK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1).

I.  BACKGROUND

On August 28, 2007, Petitioner was sentenced to 120 months' imprisonment based on his plea to possession of a firearm by a convicted felon. (Case No. 3:06cr364, Doc. No. 18). Judgment was entered on September 4, 2007. (Id.). Petitioner did not file a direct appeal. At the earliest, Petitioner submitted the instant Motion to Vacate for filing on March 4, 2009.[1] (Doc. No. 1: Motion at 12). Petitioner contends that the one-year statute of limitations does not bar his motion because he was preoccupied with the state prosecution that followed his federal conviction and that his federal attorney did not inform him about § 2255 relief until February 2009. (Doc. No. 1: Motion at 18).

---

[1] Petitioner indicates that he placed the motion in the prison mail system on March 28, 2009. (Doc. No. 1: Motion at 12). However, given the postmark on envelope of March 24, 2009 (Id. at Attachment 3), he must have made an error on the form. Accordingly, the Court will use the date of his signature as the earliest possible date to consider the motion filed.

II.     ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.[2] When there is no direct appeal, a judgment of conviction becomes final ten days after the date it was entered. United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000). Here, Judgment was entered on September 4, 2007, and became final on or about September 18, 2007 when Petitioner did not file a direct appeal. Thus, absent equitable tolling, Petitioner had until September 18, 2008 to file his § 2255 petition. However, Petitioner filed it no earlier than March 4, 2009, nearly eighteen months late.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to any relief on his claims, a court must dismiss the motion.

---

[2] Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Following the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (defendant must be warned and given an opportunity to explain why his motion should not be considered untimely before sua sponte dismissal based on statute of limitations), new forms were made available in 2003 which included a section calling on a petitioner to explain why the statute of limitations does not bar the motion if the judgment became final over a year ago. Bilal v. North Carolina, 287 Fed. Appx. 241, 243 (4th Cir. 2008). In Bilal, the appellate court recognized that the new form likely provided sufficient notice in the ordinary case to comply with Hill. Id. at 247. However, given the particular facts of that case which included the petitioner responding "n/a" to that part of the form, the court found that the petitioner should have been given an opportunity to clarify his apparent confusion regarding the timeliness issue. Id. at 249. Here, Petitioner's response to that section shows no confusion and demonstrates that he understood the timeliness issue because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. Accordingly, Bilal does not prohibit the Court from considering the timeliness issue sua sponte.

The facts alleged by Petitioner relate to the state prosecution that followed his federal conviction. Specifically, he argues that until February 4, 2008 he was involved in preparing for and participating in his state trial for first degree murder. (Doc. No. 1: Motion at 18). After that, he pursued state appellate remedies until January 2009. (Id.). He summarized, "Basically, I had other legal matters to attend to." (Id.). Additionally, he alleges that his federal lawyer did not inform him about the availability of a §2255 motion in February 2009.[3] (Id.).

---

[3] This allegation is contradicted by the defendant's assertion in his plea agreement, signed on December 13, 2006, that he and his attorney had discussed his rights pursuant to § 2255. (Case No. 3:06cr364, Doc. No. 14: Plea Agreement at ¶ 20).

The § 2255 limitation period may be equitably tolled, but this extraordinary remedy is sparingly granted. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). It is reserved for those rare situations where circumstances beyond the party's own conduct would make it unconscionable to enforce the limitation period and gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Here, none of the circumstances alleged by Petitioner are extraordinary or beyond his control, nor did they prevent him from filing his § 2255 motion. Even if Petitioner was preoccupied with his state case until after the trial in February 2008, seven months remained for him to file his motion.[4] His attention to his state case was not beyond his control and did not prevent him from filing on time. His claim that he was not informed about § 2255 relief likewise fails because, in fact, he was informed before entering his plea and the lack of legal knowledge does not warrant equitable tolling, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, the Court finds that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and, therefore, must be dismissed.

---

[4] It only took him two weeks to file the instant motion after receiving a letter from former counsel in February 2009. (Doc. No. 1: Motion at 18).

III.　　CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is DISMISSED.

　　　　　　　　　　　　　　Signed: April 24, 2009

Robert J. Conrad, Jr.
Chief United States District Judge