IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00364-RJC

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTINEZ ORLANDIS BLACK | ) | |
| | ) | |

    **THIS MATTER** is before the Court upon the defendant's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 53).

    The defendant was arrested in 2004 and charged with state offenses related to alleged shootings. (Doc. No. 34: Presentence Report (PSR) at 12, 16). In 2006, a federal grand jury charged him with four violations of 18 U.S.C. § 922(g)(1) on the dates of the alleged shootings and his state arrest. (Doc. No. 1: Indictment; Doc. No. 34: PSR at 3-4). He was brought to federal court on a Writ of Habeas Corpus ad Prosequendum. (Doc. No. 4).

    The defendant pled guilty to possessing a firearm on the day he was arrested on the state charges, (Doc. No. 14: Plea Agreement), and this Court sentenced him while a state murder charge was pending, (Doc. No. 21: Sent. Hr'g Tr. at 21). The defendant was apparently returned to state custody and convicted. (Doc. No. 53: Motion at 1-2). He states that he is currently serving a state sentence and expects to be transferred to the federal Bureau of Prisons (BOP) eventually. (Id.). This Court previously denied his pro se motion to retroactively designate his federal sentence concurrent with the subsequent state sentence, (Doc. No. 25: Order), and

denied his pro se motion to vacate the original sentence and impose a new concurrent sentence, (Doc. No. 36: Order). In the instant motion, the defendant again seeks to attack his separate federal and state sentences allegedly for the same conduct, this time by arguing that they constitute extraordinary and compelling reasons to reduce his awaiting federal sentence to time served. (Doc. No. 53: Motion at 2-4).

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a federal inmate's sentence, after consideration of the factors in 18 U.S.C. § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the BOP Director. Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

Based on the plain language of the statute, the Court finds that it is without jurisdiction to grant the motion because the defendant is not in BOP custody.[1] (Doc. No. 53: Motion at 1); https://www.bop.gov/inmateloc.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 53), is **DISMISSED**.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: August 29, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[1] Accord United States v. Garrett, No. 1:05-cr-185, 2023 WL 3025364, at *2 (N.D. Ga. Apr. 20, 2023) (denying compassionate release on awaiting federal sentence where defendant was presently serving state sentence); United States v. Hinton, No. 2:10-cr-175, 2023 WL 2916567, at *3 (E.D. Va. Apr. 12, 2023) (same); Ortega v. United States, No. 2:98-cr-47, 2022 WL 4227230, at * (E.D. Va. Sept. 13, 2022) (plain language of statute requires defendant to be in federal custody); United States v. Elliott, No. 12-cr-678, 2020 WL 6507642, at *1 (N.D. Cal. Nov. 5, 2020) (a defendant must be in BOP custody to be "released" under § 3582(c)).