UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-183-RJC
3:06-cr-364-RJC-1

| | |
|---|---|
| MARTINEZ ORLANDIS BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MEMORANDUM OF |
| ) | DECISION AND ORDER |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1], Petitioner's Second Amended § 2255 Motion to Vacate [Doc. 8], and the United States' Motion to Dismiss [Doc. 11].

**I. BACKGROUND**

The Petitioner was charged with four counts of possession of a firearm by a convicted felon[1] in violation of 18 U.S.C. § 922(g)(1) for incidents that occurred on July 15 and 24, August 7, and September 22, 2004. [3:06-cr-364-RJC ("CR") Doc. 1 (Indictment)]. Counts One through Three charge the July and August incidents in which the Petitioner shot or shot at various victims, one of whom died, and Count Four charges law enforcement officers' recovery of the firearm during the execution of a search warrant on September 22. [See CR Doc. 34 at ¶¶ 5-11 (PSR)]. The Petitioner pleaded guilty to Count Four in exchange for the Government's dismissal of the remaining counts. [See CR Doc. 14 (Plea Agreement)]. The Plea Agreement contains an express

---

[1] Petitioner had prior felony weapon and drug convictions. [See CR Doc. 1; CR Doc. 34 at ¶¶ 38, 40 (Mecklenburg County Superior Court Case Nos. 01CRS2662 and 94CRS59367)].

waiver of Petitioner's appellate and post-conviction rights, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 14 at ¶ 20].

The Presentence Investigation Report (PSR) calculated the base offense level as 24 because the offense violates § 922(g)(1) and Petitioner had sustained at least two felony convictions for a crime of violence of a controlled substance offense. [CR Doc. 34 at ¶ 17]. Four levels were added because the firearm was possessed in connection with another felony, i.e., second-degree murder. [Id. at ¶ 18]. A cross-reference to second-degree murder established a base offense level of 38 pursuant to U.S.S.G. ¶ 2K2.1(c)(1)(B). [Id. at ¶ 19]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. [Id. at ¶¶ 25-26]. Petitioner had 18 criminal history points, and two points were added because the instant offense was committed less than two years after his release from custody for another offense. [Id. at ¶ 44]. The criminal history category was therefore VI. [Id. at ¶ 45]. The resulting advisory guideline range was 292 to 365 months' imprisonment, however, the statutory maximum is 120 months' imprisonment, so the guideline term was 120 months' imprisonment. [Id. at ¶ 77].

The Court accepted the Petitioner's knowing and voluntary guilty plea to Count Four and sentenced him to 120 months' imprisonment followed by three years of supervised release. [CR Doc. 18 (Judgment)]. The Judgment was entered on September 4, 2007. [Id.]. Petitioner did not file a direct appeal at that time.

In 2008, the Petitioner was convicted in Mecklenburg County Superior Court of voluntary manslaughter, possession of a firearm by a felon, and of being an habitual felon. See State v. Black, 197 N.C.App. 731, 678 S.E.2d 689 (N.C. Ct. App. 2009). He received two consecutive sentences of between 130 and 165 months' imprisonment for those offenses. Id. The North Carolina convictions and sentences were affirmed. Id.; State v. Black, 363 N.C. 657, 685 S.E.2d 108 (2009).

In 2009, Petitioner filed a § 2255 Motion to Vacate challenging his federal conviction and sentence in this Court, Case No. 3:09-cv-121. He argued *inter alia* that: his federal plea was involuntary because counsel misinformed him that his state charges would be dropped; the sentence was erroneously enhanced with uncharged conduct; he received the "state time" for the same gun involved in the federal charges; and he was sentenced consecutively for the same conduct in state and federal court. [See 3:09-cv-121, Doc. 1]. He argued that his petition should be considered timely because counsel had failed to inform him of the § 2255 statute of limitations, and because he was busy with his Mecklenburg County prosecutions. [Id. at 18]. The Court rejected Petitioner's arguments and dismissed the Motion to Vacate as time-barred on April 27, 2009. Black v. United States, 2009 WL 1165431 (W.D.N.C. April 27, 2009).

Petitioner went on to file multiple habeas actions and appeals challenging his conviction and sentence, many of which include efforts to have the state and federal sentences run concurrently. [See Doc. 11 at 7 (summarizing Petitioner's litigation history)].

Petitioner filed his Motion to Vacate the instant case on March 21, 2023. [Doc. 1]. He argues that: (1) the Judgment is silent regarding whether the state and federal sentences should run concurrently or consecutively, even though the offenses are based on the same conduct; and (2) the de facto consecutive state and federal sentences for possessing a single firearm violate double jeopardy.

Shortly after initiating the instant § 2255 action, Petitioner filed a direct appeal challenging his 2007 federal Judgment. [CR Doc. 42]. This Court stayed this § 2255 proceeding pending the Fourth Circuit's consideration of Petitioner's direct appeal. [Doc. 4]. The Fourth Circuit appointed counsel to represent Petitioner, who filed a memorandum brief pursuant to Anders v. California, 386 U.S. 738 (1967) and identified as possible issues for review: whether Petitioner was prejudiced

by a multiplicitous indictment; an error pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019); and the reasonableness of the sentence. The Fourth Circuit dismissed the appeal as time-barred. United States v. Black, 2023 WL 8108930 (4th Cir. Nov. 22, 2023).

After the direct appeal had concluded, the Court lifted the stay in the instant case and rejected Petitioner's attempts to amend his Motion to Vacate in a piecemeal fashion. [See Doc. 7]. The Court granted Petitioner the opportunity to amend, subject to all applicable timeliness and procedural requirements. [Id.]. Petitioner filed a Second Amended Motion to Vacate on January 8, 2024, in which he argues: (1) BOP should credit him for 2 years, 11 months of time served; (2) counsel was ineffective with regards to sentencing; (3) Petitioner was denied counsel at a critical stage, i.e., when he requested that the BOP retroactively designate state prison as the place of his federal confinement; (4) the Court imposed sentencing conditions (mental health treatment and medication) without adequate explanation; (5) Petitioner is actually innocent of possession of a firearm by a convicted felon because he did not know he was violating the law; (6) the plea was not knowing and voluntary because counsel misadvised him about the elements of the offense and his sentencing exposure; (7) the Indictment is multiplicitous; and (8) Petitioner had a Second Amendment right to possess a firearm in his home for self-defense. Petitioner argues that his Motion to Vacate should be considered timely because counsel misadvised him about the § 2255 statute of limitations. [Id. at 14]. For relief, Petitioner seeks resentencing with new counsel or a new trial. [Doc. 8 at 17].

The United States filed a Motion to Dismiss arguing that this is an unauthorized successive § 2255 action over which the Court lacks jurisdiction. [Doc. 11]. The United States suggests that the Court admonish Petitioner that he risks the imposition of sanctions should he file additional duplicative or abusive challenges to his conviction or sentence. [Id.]. The Court advised Petitioner

4

of his right to respond to the Motion to Vacate pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [See Doc. 12]. The Petitioner filed Responses on February 28, 2024 and March 8, 2024. [Docs. 13, 14]. He argues *inter alia* that he should be granted relief under the savings clause because he is actually innocent pursuant to Rehaif, and because he has new evidence of prosecutorial misconduct that deprived him of a defense. The United States has not replied and the time to do so has expired. These matters are ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court dismissed as time-barred. See Rudisill v. United States, No. 1:10-cv-253, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). Petitioner has now filed another § 2255 action and he does not allege that he has received authorization from the Fourth Circuit to do so pursuant to § 2255(h).[2]

Petitioner's attempt to recast the instant Motion to Vacate as a habeas petition under § 2241 is unavailing. It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). It is only when § 2255 proves inadequate or ineffective to test the legality of detention that a federal prisoner may pursue habeas relief under § 2241 pursuant to the so-called savings clause. 28 U.S.C. § 2255(e). The statutory restriction on unauthorized second or successive § 2255 petitions does not make a prisoner's remedy under § 2255 inadequate or ineffective. Jones v. Hendrix, 599 U.S. 465, 477 (2023). The petitioner bears the burden of establishing the inadequacy of § 2255 so that he may proceed under § 2241. Farkas v. Butner, 972 F.3d 548, 553 (4th Cir. 2020).

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. He essentially argues that he should be permitted to proceed under § 2241

---

[2] A review of the Fourth Circuit's docket reflects that the Petitioner has been repeatedly denied leave to file a second or successive § 2255 action. See, e.g., Fourth Cir. Case Nos. 23-296, 23-285, 23, 286, 24-136; Fed. R. Ev. 201.

6

pursuant to the § 2255(e) savings clause because he is procedurally barred from proceeding under § 2255. Petitioner's reliance on the savings clause is misplaced because the limitation on unauthorized second or successive § 2255 petitions does not make § 2255 "inadequate or ineffective" such that he may proceed under the savings clause, even though he claims actual innocence. See Jones, 599 U.S. at 477 ("the savings clause does not authorize such an end-run around AEDPA"). Petitioner has failed to demonstrate that the savings clause applies.

Accordingly, the Government's Motion to Dismiss will be granted and this § 2255 action will be dismissed for lack of jurisdiction. See Winestock, 340 F.3d at 205.

**The Petitioner is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling injunction.**

IV. **CONCLUSION**

For the reasons stated herein, the Government's Motion to Dismiss is granted and this § 2255 action is dismissed for lack of jurisdiction.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The United States of America's Motion to Dismiss Petitioner's Successive Motion to Vacate [Doc. 11] is **GRANTED**.

2. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Second Amended Motion to Vacate [Doc. 9] are **DISMISSED**.

3. The Petitioner is cautioned that any further frivolous, duplicative, or otherwise abusive filings in this Court may result in the imposition of sanctions including a prefiling

injunction.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

5. The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 7, 2024

Robert J. Conrad, Jr.
United States District Judge